DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Acton No. 2016-0021-3 |
| | ) | |
| **LYNELL HUGHES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**Attorneys:**

**Melissa P. Ortiz, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Robert Millan, Esq.,**
San Juan, PR
 *For Defendant Lynell Hughes*

**Jeffrey B. C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
 *For Respondent*

## <u>ORDER</u>

THIS MATTER comes before the Court in connection with the Order to Show Cause entered by this Court on October 5, 2021. (Dkt. No. 1310). In that Order, the Court directed Jeffrey B.C. Moorhead, Esq., to respond in writing and to appear at a subsequent hearing to show cause why the Court should not use its inherent authority to impose sanctions for his conduct leading up to, and during, a hearing on his then-client's *pro se* Motion for New Counsel held before Magistrate Judge George W. Cannon, Jr. on June 3, 2021. *Id.* at 1-3. The Order specifically identified six aspects of Attorney Moorhead's actions that appeared to the Court to reflect professional misconduct: (1) urging his then-client, Defendant Lynell Hughes, to file Attorney Moorhead's

profanity-laced text message communications with the Court; (2) using profanity in the courtroom; (3) repeatedly interrupting Defendant Hughes during her statement to the Court, notwithstanding that the Court had given her permission to speak; (4) repeatedly interrupting the Magistrate Judge as he attempted to control Attorney Moorhead's constant outbursts; (5) ignoring and defying the Magistrate Judge's directives to be quiet and to allow Defendant Hughes to speak; and (6) disrupting the hearing before the Court to such an extent that he had to be asked to excuse himself from the courtroom in order for the proceedings to continue. *Id.* at 3.

Attorney Moorhead filed a timely response to the Court's Order to Show Cause (Dkt. No. 1315), in which he challenged one of the six areas of alleged misconduct identified by the Court. In this regard, Attorney Moorhead argued that the first item listed in the Court's Order—his conduct in urging his then-client to file with the Court his profanity-laced text messages—was not sanctionable conduct because it did not occur in the Court's presence; it did not disrupt the case; the profanity-laced statements constituted "protected speech;" and the filing of the text messages with the Court was the product of his then-client's "own free will." *Id.* at 1. As to the other five aspects of alleged misconduct identified in the Court's Order to Show Cause, Attorney Moorhead described his actions as "completely inexcusable" and "not appropriate behavior for him or any member of the Bar." He attributed his conduct to a "lapse in judgment" due to his "extreme rage [and] anger;" apologized to the Court and to Magistrate Judge Cannon for his conduct; and vowed that such conduct would not recur. *Id.* at 1-2.

During his remarks to the Court at the November 9, 2021 hearing on the Order to Show Cause, Attorney Moorhead withdrew the portion of his written response in which he attempted to absolve himself from any responsibility or accountability for urging Defendant Hughes to file his

profanity-laced text messages with the Court.[1] He conceded that his action in this regard "obviously interfered with the administration of justice and the proceedings before the Court." In acquiescing with the Court's assessment that he had engaged in professional misconduct—as with the other five aspects of his conduct—Attorney Moorhead conceded that "*none* of [his] statements or conduct [was] proper" (emphasis added), and that there was "no reason" why the Court should not hold him accountable. He again apologized to the Court.

The Court then engaged in a colloquy with Attorney Moorhead regarding the Court's position that Defendant Lynell Hughes was also deserving of an apology for his admitted unprofessional conduct—specifically, for having urged her to file his profanity-laced communication with the Court; for repeatedly interrupting her with outbursts of his disapproval as she attempted to speak in court; and for hurling a profanity directed at one of her comments in court. Clearly influenced by the Court's insistence on this issue, Attorney Moorhead's initial resistance was ultimately converted into his representation that he would, in fact, apologize to Defendant Hughes.

In view of the foregoing and the entire record herein, the Court finds that Attorney Moorhead engaged in conduct—as identified in the Court's Order to Show Cause—that showed disrespect for the Court and the judicial process; disregard for his professional responsibilities as an officer of the Court and as a Criminal Justice Act-appointed attorney; and a lack of professional decorum. As Attorney Moorhead himself concedes, the Court finds that his conduct was "completely inexcusable" and "not appropriate behavior for him or any member of the Bar." (Dkt.

---

[1] As noted in the Court's Order to Show Cause, Attorney Moorhead had acknowledged at the June 3, 2021 hearing before Magistrate Judge Cannon that he considered it improper to file the text messages with the Court. According to Attorney Moorhead, he therefore "got [his] texts before the Court by asking [his then-client] to file it." (Dkt. No. 1310 at 2).

3

No. 1315 at 2). Accordingly, sanctions are warranted, pursuant to the Court's inherent authority, for Attorney Moorhead's reprehensible conduct leading up to, and during, the June 3, 2021 hearing. *See In re Cendant Corp.*, 260 F.3d 183, 199 (3d Cir. 2001) (courts possess "inherent authority" to impose sanctions where necessary to preserve the integrity of the judicial process); *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000) ("the inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation."). Indeed, in light of the gravity of Attorney Moorhead's misconduct and its impact on the administration of justice in this case, the Court finds that sanctions are not only warranted, but necessary. *See Scranton Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 190 F. Supp. 3d 419, 433 (M.D. Pa. 2016) (addressing factors to consider when weighing appropriate sanctions under the court's inherent authority to address attorney misconduct).

The Court will impose sanctions as follows. First, Attorney Moorhead will be ordered to pay the sum of $1,000.00 to the Clerk of Court. Second, Attorney Moorhead will be ordered to write a letter of apology to his former client, Defendant Lynell Hughes, to be delivered through her current counsel, Robert Millan, Esq., with a copy to be filed with the Court. In his letter to Defendant Hughes, Attorney Moorhead will be ordered to apologize to Defendant Hughes for his unprofessional conduct in urging her to file his profanity-laced text messages with the Court, as well as his unprofessional conduct at the hearing on June 3, 2021 before Magistrate Judge Cannon. Attorney Moorhead will also be required to acknowledge in his letter to Defendant Hughes that his conduct was inappropriate, disrespectful, and completely inexcusable, and that it did not reflect the high standards of professional conduct and respect for the Court, its processes, and those involved therein, that is expected of lawyers practicing before the Court.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Jeffrey B.C. Moorhead, Esq., shall pay $1,000.00 to the Clerk of Court no later than **5:00 p.m. on November 12, 2021** for his unprofessional conduct as described herein; and it is further

**ORDERED** that Attorney Moorhead shall have up to and including **November 12, 2021** within which to send a letter of apology to Defendant Lynell Hughes, through her current counsel, Robert Millan, Esq., and file with the Court a copy of the same, together with a certification by Attorney Moorhead that the letter has been sent to Defendant Hughes as ordered herein; and it is further

**ORDERED** that in the letter of apology, Attorney Moorhead shall: (1) apologize to Defendant Hughes for his unprofessional conduct in urging her to file his profanity-laced text messages with the Court; (2) apologize to Defendant Hughes for his unprofessional conduct at the hearing on June 3, 2021 before Magistrate Judge Cannon, including his repeated interruptions of her attempt to speak and his use of profanity directed at one of her comments; (3) acknowledge to Defendant Hughes that his conduct was inappropriate, disrespectful, and completely inexcusable; and (4) inform Defendant Hughes that his conduct did not reflect the high standards of professional conduct and appropriate respect for the Court, its processes, and those involved in the Court's processes, that is expected of lawyers practicing before the Court; and it is further

**ORDERED** that the letter of apology shall bear Attorney Moorhead's signature.

**SO ORDERED.**

Date:   November 9, 2021

_____/s/_____
WILMA A. LEWIS
District Judge