### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 2016-0021** |
| ) | |
| **LYNELL HUGHES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Melissa P. Ortiz, Esq.,**
St. Croix, U.S.V.I.
　　*For the United States*

**Robert Millan, Esq.,**
San Juan, PR
　　*For Defendant Lynell Hughes*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Lynell Hughes' ("Defendant Hughes") Motion to Extend Term for Voluntary Surrender ("Motion to Extend") (Dkt. No. 1384), filed on January 26, 2022, in which Defendant Hughes requests that the Court delay her date for voluntary surrender until the Court has ruled on Defendant Hughes' Motion for Compassionate Release through Home Confinement ("Motion for Compassionate Release") (Dkt. No. 1383), also filed on January 26, 2022. Defendant Hughes is currently scheduled to self-surrender on January 31, 2022 at 9:00 a.m. (Dkt. No. 1364 at 2).

As grounds for her Motion to Extend, Defendant Hughes states that she is designated to report to Metropolitan Detention Center (MDC) in Guaynabo, Puerto Rico ("MDC Guaynabo") (Dkt. No. 1384 at 1), and that MDC Guaynabo "is presently in lockdown due to the surge in COVID-19 infections." *Id.* Having contemporaneously file a Motion for Compassionate Release

seeking to have her sentence modified from a term of imprisonment to home confinement, Defendant Hughes requests a delay of her voluntary surrender date pending the Court's ruling on the Motion for Compassionate Release. The Government opposes the Motion to Extend. (Dkt. No. 1386). For the following reasons, the Court will deny Defendant Hughes' Motion to Extend.

On December 17, 2021, the Court sentenced Defendant Hughes, *inter alia*, to nine months imprisonment and three years of supervised release, following her plea of guilty to Conspiracy to Defraud the United States. (Dkt. No. 1364 at 1-3). At her sentencing hearing, the Court granted Defendant Hughes' Motion for Voluntary Surrender (Dkt. No. 1349), permitting her to self-surrender on January 31, 2022 (Dkt. No. 1364 at 2). Thus, Defendant Hughes is not scheduled to commence her sentence until January 31st.

Under these circumstances, Defendant Hughes' attempt—through the filing of a Motion for Compassionate Release—to justify a delay in the date of her voluntary surrender is misguided. While it is true that the First Step Act permits a court to modify a defendant's sentence in response to a motion for compassionate release, Defendant has cited no authority—and the Court is aware of none—that permits the Court to do so for a defendant who has not yet commenced her sentence. *See United States v. Augustin*, No. CR 2000-0004, 2020 WL 6929522, at *2 (D.V.I. Nov. 24, 2020) ("Once a federally imposed sentence commences, a district court has limited authority to modify that sentence. One source of such authority is found in the First Step Act, which allows the Court to consider a defendant's motion for compassionate release for 'extraordinary and compelling reasons.'") (citing 18 U.S.C. § 3582(c)(1)(A)(i)), *aff'd*, No. 20-3609, 2021 WL 6059564 (3d Cir. Dec. 20, 2021). Indeed, this is necessarily true because before criminal defendants can resort to the Court on a request for compassionate release, "defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*,

954 F.3d 594, 595 (3d Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Without satisfying the exhaustion requirement of the statute—which Defendant Hughes, who has yet to surrender for her term of imprisonment, obviously has not done—the Motion for Compassionate Release is premature. *See id*. at 596 (denying the defendant's motion for compassionate release because the defendant did not give BOP thirty days to respond). Accordingly, the pendency of Defendant Hughes' Motion for Compassionate Release fails to provide any justification for extending her date of voluntary surrender.

In view of the foregoing, it is hereby

**ORDERED** that Defendant Hughes' Motion to Extend Term for Voluntary Surrender (Dkt. No. 1384) is **DENIED**.

**SO ORDERED**.

Date:   January 29, 2022

_____/s/_____
WILMA A. LEWIS
District Judge