DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2016-0021 |
| ) | |
| LYNELL HUGHES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Melissa P. Ortiz, Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Robert Millan, Esq.,**
San Juan, PR
*For Defendant Lynell Hughes*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Lynell Hughes' ("Defendant Hughes") Motion for Compassionate Release Through Home Confinement ("Motion for Compassionate Release") (Dkt. No. 1383), filed on January 26, 2022, in which Defendant Hughes requests that the Court grant her compassionate release in the form of home confinement. On December 17, 2021, the Court sentenced Defendant Hughes, *inter alia*, to nine months imprisonment and three years of supervised release, following her plea of guilty to Conspiracy to Defraud the United States. (Dkt. No. 1364 at 1-3). At her sentencing hearing, the Court granted Defendant Hughes' Motion for Voluntary Surrender (Dkt. No. 1349), permitting her to self-surrender on January 31, 2022 at 9:00 a.m. (Dkt. No. 1364 at 2). Thus, Defendant Hughes is scheduled to commence her sentence today, January 31, 2022. Under these circumstances, the Court must deny Defendant Hughes' Motion for Compassionate Release as premature.

Under 18 U.S.C. § 3582(c)(1)(A), "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a defendant may make a motion to modify an imposed term of imprisonment. Thus, before criminal defendants can resort to the Court on a request for compassionate release, "defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Without satisfying the exhaustion requirement of the statute—which Defendant Hughes, whose term of imprisonment commenced today, obviously has not done—the Motion for Compassionate Release is premature. *See id*. at 596 (denying the defendant's motion for compassionate release because the defendant did not give BOP thirty days to respond).

In view of the foregoing, it is hereby

**ORDERED** that Defendant Hughes' Motion for Compassionate Release Through Home Confinement (Dkt. No. 1383) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Date: January 31, 2022     _____/s/_____
                            WILMA A. LEWIS
                            District Judge